**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GREGORY QUARLES,

    Petitioner,

v.

FEDERAL BUREAU OF PRISONS,

    Respondent.

CIVIL ACTION NO. 3:17-CV-01914

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## **MEMORANDUM**

Presently before this Court is a Report and Recommendation (R&R) authored by Magistrate Judge Carlson (*Doc.* 9) regarding a Petition for a Writ of Habeas Corpus filed by Gregory Quarles (*Doc.* 1) pursuant to 28 U.S.C. § 2241. In his Petition, Quarles challenges the Bureau of Prisons' ("BOP") refusal to place him in a halfway house in accord with the Second Chance Act. Because Plaintiff failed to exhaust his administrative remedies, I will adopt Magistrate Judge Carlson's recommendation and deny Quarles' Petition for a Writ of Habeas Corpus.

### **I. Background**

Petitioner Gregory Quarles is a federal inmate currently confined to the United States Penitentiary in Allenwood, Pennsylvania. On October 20, 2017 he filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' refusal to place him in a halfway house.[1] (*Doc.* 1.)

Over the course of Petitioner's incarceration, he has filed twenty-eight (28) administrative grievances. (*Doc.* 8-1, at 3 ¶ 2.) One such grievance was filed on August 10,

---

[1]     Magistrate Judge Carlson and Respondent have noted that the Petition seeks to challenge the recommended length of the Residential Reentry Center halfway house placement provided to Petitioner. However, Petitioner states on numerous occasions that he was denied a halfway house placement. The denial of such a placement underpins his claim.

2017. (*Doc.* 7, at 12.) In that grievance, Petitioner complained that he was denied placement in a halfway house as required by the Second Chance Act.[2] (*Id.*) Petitioner was informed that no action would be taken with respect to this grievance because his placement in a halfway house was "appropriately denied." (*Id.*) Petitioner has provided no evidence to suggest he pursued an appeal of this decision.[3]

After failing to have the BOP reverse its earlier decision, Petitioner filed the instant action. (*Doc.* 1.) Magistrate Judge Carlson issued an R&R, which suggests Quarles' Petition for a Writ of Habeas Corpus be denied. (Doc. 9.) Petitioner filed a timely objection to Magistrate Judge Carlson's R&R (*Doc.* 11), and Respondent filed a response to Petitioner's objections (*Doc.* 12). This Motion is ripe for review.

## II. Standard of Review[4]

### A. Report and Recommendation

Where objections to a magistrate judge's R&R are filed, I must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). This only applies to the extent that a party's

---

[2] Prior to filing this grievance, Petitioner had communicated with staff at the prison and was told that the Warden had denied his earlier request to be placed in a halfway house in June of 2017. (Doc. 7, at 14.)

[3] Petitioner points to a response provided by the Central Office of Administrative Remedies to an earlier grievance in an attempt to document that he exhausted his administrative remedies. (Doc. 7, at 17.) That response, however, is dated January 10, 2010. (*Id.*) In other words, the response provided is dated approximately seven years prior to the BOP's denial of Petitioner's halfway house placement. Thus, the response is irrelevant to the current analysis.

[4] Any suggestion by Petitioner that the Standard of Review applied here should be akin to that present upon a motion for summary judgement is incorrect. Petitioner's citation to *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) is misplaced.

2

objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).

In conducting a *de novo* review, I may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits me to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). While uncontested portions of the report may be reviewed at a standard determined by the district court, a court should at least review the report for clear error or manifest injustice. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7; *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**B.    Petition for a Writ of Habeas Corpus: 28 U.S.C. § 2241**

The habeas statute upon which Quarles relies to challenge the timing of his prerelease placement, 28 U.S.C. § 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). The United States Court of Appeals for the Third Circuit has concluded that § 2241 is the appropriate means for a federal inmate to challenge a BOP decision to limit or exclude their placement in a Residential Reentry Center ("RRC") or halfway house. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005).

### III. Discussion

Petitioner Quarles objects to Magistrate Judge Carlson's finding that his Petition should be denied because he failed to exhaust his administrative remedies. While Quarles appears to accept that he has not exhausted his administrative remedies, he argues that Magistrate Judge Carlson erred in finding that exhaustion was required under 28 U.S.C. §

3

2241. (*Doc.* 11, at 3-4.) Quarles' argument lacks merit.

It is well-settled that in order to obtain federal habeas relief under 28 U.S.C. § 2241, a federal prisoner must first exhaust the BOP's administrative remedies. *See, e.g.*, *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Millhouse v. Lewisburg*, 666 Fed. App'x. 98, 100 (3d Cir. 2016); *Gross v. Warden, USP-Canaan*, No. 15-1529, 2018 WL 527919, at *2 (M.D. Pa. Jan 24, 2018) (Connor, C.J.) ("Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241 "). *But see Woodall*, 432 F.3d at 238 n.2 (explaining that the administrative exhaustion requirement may be excused where an attempt to obtain relief would be futile). Exhaustion is required for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62. The exhaustion requirement applies with equal force to a federal inmate challenging their RRC or halfway house placement. *Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012).

The BOP's three-tiered administrative remedy procedure is set forth at 28 C.F.R. § 542.10 *et seq.*, and provides formal review of any compliant that relates to any aspect of the inmate's confinement. Under this process, inmates are encouraged to first attempt resolution of their complaints informally with staff.[5] *Id.* at § 542.13(a). A record of that attempt is signed by the inmate and a staff member. *Id.* If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden within twenty days of the

---

[5] Petitioner did informally seek review of the BOP's decision to deny his desired placement. (*Doc.* 7, at 12, 14.)

date on which the basis of the complaint occurred. *Id.* at § 542.14(a). If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director within twenty days of the date of the Warden's response. *Id.* at § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he or she may file an appeal to the BOP's Central Office in Washington, D.C. within thirty days of the date of the Regional Director's response. *Id.* at § 542.15. The Regional Director has thirty calendar days to respond and the General Counsel (Central Office) has forty calendar days to address the inmate's concern. *Id.* at § 542.18. The Regional Director may extend the deadline for response by thirty days, and the General Counsel may extend by twenty days. *Id.* at § 542.18. When a response is not provided within the allotted time proscribed in these regulations, the inmate may consider the absence of a response to be a denial at that level. *Id.* at § 542.18. Under these procedures, no administrative remedy appeal is considered to have been fully exhausted until decided by the Central Office. *Id.*, § 541 *et seq.*

Petitioner Quarles did not exhaust his administrative remedies.[6] As Magistrate Judge Carlson aptly explained, Quarles filed twenty-eight unexhausted administrative grievances while incarcerated. (*Doc.* 8, at 1 ¶ 2.) Notably, Quarles filed a grievance following the

---

[6] Petitioner has also objected to Magistrate Judge Carlson's R&R because he believes the R&R failed "to address all procedural defenses to the exhaustion requirement on due process grounds" and failed to "resolve all [factual] issues relating the exhaustion issues." (Doc. 11, at 4.) Again, this is incorrect. I cannot identify a single procedural defense raised by Petitioner that would have cured his failure to exhaust his administrative remedies. Remember, "exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals . . . ." *Malvestuto v. Martinez*, No. 9-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009). Additionally, Magistrate Judge Carlson not only addressed the factual scenarios presented to him, but reviewed the record to determine if any grievance not cited by Petitioner was relevant. (*Doc.* 9, at 4-5.) Stated differently, neither of these objections serve to undermine the recommendation of Magistrate Judge Carlson.

5

Warden's denial of his desired placement in June of 2017. (*Doc*. 7, at 12, 14.) Specifically, this was an informal grievance filed with his until manager. After being informed that his informal request for resolution was denied, Quarles never filed an appeal related to this issue. Thus, Quarles has not exhausted the administrative procedure available to resolve the instant complaint, and his Petition must be denied.

Since Magistrate Judge Carlson correctly concluded that Petitioner failed to exhaust his administrative remedies, Quarles' Petition will be denied.

### IV. Conclusion

For the above stated reasons, Petitioner Quarles' Petition for a Writ of Habeas Corpus will be denied.[7]

An appropriate order follows.

| | |
|---|---|
| March 26, 2018<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |

---

[7] "Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement." *Santos v. United States*, No. 9-1068, 2010 WL 181744, at *3 n.6 (M.D. Pa. Jan. 13, 2010) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B)). As such, I will not make a finding related to the issuance of a certificate of appealability in this matter.